# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE A. SU, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> CAFÉ DEL SOL CHAMBERSBURG LLC and DAVID JUAREZ, <br><br> Defendants. | Civil Action No. ____ |

## COMPLAINT

Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Café del Sol Chambersburg LLC ("Café del Sol") and David Juarez (collectively, "Defendants") from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*., hereinafter referred to as the "FLSA" or "the Act," and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and for an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant Café del Sol is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 438 Gateway Ave, Chambersburg, PA 17201. Café del Sol is engaged in a full-service restaurant business at the same address within the jurisdiction of this court, offering for sale to the public pizzas, pasta and sandwiches.

3. Defendant David Juarez manages Café del Sol, regulates the employment of persons employed by Café del Sol, acts directly and indirectly in Café del Sol's interest in relation to the employees, and is an employer of said employees within the meaning of Section 3(d) of the Act. For example, Defendant Juarez directs employment practices and directly or indirectly acts in the interests of Café del Sol in relation to its employees at all times relevant herein, including setting employees' conditions of employment and the rates and methods of compensation, distributing pay in cash and by check to salaried employees, and establishing and maintaining a recordkeeping system for payments to salaried employees.

4. The business activities of Defendants, described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of

the Act.

5. Defendants have employed and are employing employees in and about their places of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including meat, produce, and alcohol. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of the Café del Sol are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

6. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

7. For example, during the time period from at least April 4, 2021 through at least April 3, 2024, the Defendants' payroll records show that the

Defendants paid a flat rate for all hours worked to some kitchen workers. These kitchen workers regularly worked over 40 hours in a workweek, but Defendants failed to pay them an overtime premium for those hours.

8. Defendants willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their kitchen employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.  For example, Defendants failed to keep records of hours worked for all the employees from April 2021 to December 2021.

WHEREFORE, cause having been shown, the Acting Secretary prays for judgment against Defendants:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least April 4, 2021 through at least April 3, 2024, and for an equal amount due to certain

of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after April 3, 2024, and may be owed to certain current and former employees presently unknown to the Acting Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; and

(3)     For an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid overtime compensation found due to Defendants' employees; and

(4)     In the event liquidated damages are not awarded, for an Order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in her favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

| | |
|---|---|
| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>1835 Market Street<br>Mailstop SOL/22<br>Philadelphia, PA 19103 | Seema Nanda<br>Solicitor of Labor<br><br>Samantha N. Thomas<br>Regional Solicitor |
| (215) 861-5114 (voice)<br>(215) 861-5162 (fax) | */s/ Edwin M. Ferguson*<br>Edwin M. Ferguson |
| Ferguson.Edwin.M@dol.gov | Trial Attorney<br>PA ID # 326670 |
| Date: August 9, 2024 | Attorneys for Plaintiff |